# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CR-00184-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| v. ) | |
| ) | |
| ALLEN GARNER, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| JAQUETTA FUNDERBURK, Claimant. ) | |

**THIS MATTER** is before the Court on the Government's "Motion to Dismiss Third-Party Petition to Firearm" (document # 15) filed October 26, 2020. Claimant Jaquetta Funderburk has not responded to the Motion and the time for filing a response has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for the Court's consideration.

The Court has carefully reviewed the Government's Motion as well as the record and authorities. For the reasons stated in the Government's brief, the Court respectfully recommends that the Motion be **GRANTED** as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On May 29, 2020 Defendant Garner was charged in a Bill of Information (Doc. 1) with possession of a firearm and ammunition by a prohibited person. The Bill of Information contained a Notice of Forfeiture for the Taurus Model TH40 .40 caliber pistol with serial number SMA06602

and ammunition which Garner unlawfully possessed as a prior convicted felon. On June 3, 2020, following Garner's plea of guilty (Doc. 3), this Court entered a Consent Order and Judgment of Forfeiture (Doc. 8) for the firearm.

The Government sent direct notice of the Consent Order to Jaquetta Funderburk (Doc. 10), which she received on July 8, 2020. The notice instructed potential petitioners including Funderburk as to the legal requirements for filing a petition, the time to do so, and the requirement to sign the petition under penalty of perjury.

On August 24, 2020, Funderburk submitted a Petition claiming to be the owner of the firearm. (Doc. 14). The Government filed this Motion to Dismiss on October 26, 2020 arguing that the Petition was untimely and not signed under penalty of perjury.

## II. DISCUSSION

Third-party petitions are part of the ancillary forfeiture proceedings in a criminal case. Pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), "[i]n the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason."

The statutory requirements for filing a petition include that it "shall be signed by the petitioner under penalty of perjury [ …]." 21 U.S.C. § 853(n)(3). Courts strictly construe the signature requirement as an important protection against the filing of false claims. See United States v. Molina-Sanchez, 2013 WL 4083271, at *2 (W.D.N.C. Aug. 13, 2013) ("[T]he notice served on petitioner expressly stated that any petition must be filed under penalty of perjury, as required by the statute . . . Nothing in the record shows any reason for noncompliance. On this basis, therefore, the Petition should be dismissed."); United States v. Sanders, No. 3:18CR367-MOC, 2019 WL 4199805, at *1 (W.D.N.C. Sept. 4, 2019) (dismissing pro se petition for failure to sign under penalty of perjury); see also United States v. Loria, 2009 WL 3103771, at *2

(W.D.N.C. Sept. 21, 2009) (following United States v. $487,825, 484 F.3d 662 (3d Cir. 2007)); United States v. Wagner, 2017 WL 6513420, at *5 (E.D. Va. Dec. 19, 2017).

Funderburk did not sign her Petition under penalty of perjury. Therefore, the undersigned respectfully recommends that the Petition be dismissed.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Motion to Dismiss Third-Party Petition to Firearm" (document # 15) be **GRANTED** and the Petition by Jaquetta Funderburk be dismissed.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Claimant, the United States Attorney, defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: November 12, 2020

*[signature]*

David S. Cayer
United States Magistrate Judge